UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

IN RE:   Request from Spain
Pursuant to the Treaty Between the
United States of America and the
Kingdom of Spain on Mutual Legal
Assistance in Criminal Matters in the
Matter of Alexander Illsen,
_____/

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by Spain in its attached treaty request (the "Request") made pursuant to the Treaty Between the United States of America and the Kingdom of Spain on Mutual Legal Assistance in Criminal Matters, (U.S.-Spain, Nov. 20, 1990, S. TREATY DOC. NO. 102-21 (1992)) (the "Treaty") and to seek other orders, as needed, to execute the Request as authorized by the Treaty and 18 U.S.C. § 3512.

A.   The Present Request

The Central Authority for Spain, pursuant to Article 1 of the Treaty, makes this Request in connection with a criminal investigation. The First Instance Civil and Criminal Court No. I in Torrejon de Ardoz (Madrid), Spain is conducting an investigation of Fraudulent Disposal of Assets and Corporate Crime committed by Alexander Illsen ("Illsen"). The request alleged that Illsen ran Kron Europa SL ("Kron"), a Spanish company, with Bruno Fragola Prizzi ("Prizzi"). Illsen was the majority shareholder (holding 90% of the shares) and Prizzi the minority shareholder (holding I 0% of the shares with his wife). Prizzi was the general manager of Kron from 1990 to 2010. The company eventually went into bankruptcy. Illsen owns a number of

other companies, including some in the United States of America. Allegedly, Illsen authorized sales from Kron to his American companies at prices lower than the cost of production, and sometimes also returned products at prices higher than what the American companies paid for the goods. Illsen also allegedly paid himself commissions under a fraudulent name from those sales. According to the attached request from Spain, on December 10, 2012, Prizzi filed a complaint against Alexander Illsen. In connection with the criminal action which has been instituted against Illsen, for the fraudulent disposal of assets, Spanish authorities have requested that we interview him. Illsen resides in this district at 5550 NE 28th Avenue, Fort Lauderdale, Florida, and is represented by Eduardo Palmer, Esq., Coral Gables, Florida.

Federal courts, pursuant to the Treaty, statute, and their inherent authority, may issue orders as may be necessary for the production of the evidence requested by Spain, including orders appointing a person as a commissioner to gather such evidence and establishing the procedures for the production of such evidence.

B.   Authority to Execute the Request

   1.   The Treaty

A treaty constitutes the law of the land.  U.S. Const. Art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re Commissioner's Subpoenas, 325 F.3d  at 1305-1306; United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States and Spain entered into the Treaty to provide mutual assistance in criminal matters. Article 1(1). In accordance with the provisions of the Treaty, each state is obliged to provide assistance to the other in criminal investigations and proceedings. Id.; In re Commissioner's Subpoenas, 325 F.3d at 1290. Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons, providing documents and other evidence, and immobilizing criminally-obtained assets. Article 1(2); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986).

The Treaty and 18 U.S.C. § 3512 empower federal courts to execute treaty requests in order to comply with the United States' treaty obligations. Article 5(1) provides that:

> The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce any item, including, but not limited to, documents, records, and articles of evidence.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state party is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offense under the laws of the Requested State, except as otherwise provided by United States law. See Letter of Submittal of the Treaty to the President from the Department of State.

2. Statutory Authority Grounding Execution of Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation. See Letter of Submittal of the Treaty to the President from the Department of State.; In re Commissioner's Subpoenas, 325 F.3d at 1291. However, because the procedural provisions in many treaties are minimal, in the past federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute treaty requests from foreign authorities. In re Commissioner's Subpoenas, 325 F.3d at 1305-1306. Substantive United States law regarding searches, seizures and other compulsory processes further grounded the execution of such assistance requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512. Section 3512(a)(1) explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under United States law. Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 CONG. REC. S6,810 (2009)(Statement of Sen. Whitehouse).

C.     Execution of Foreign Requests for Assistance Under the Treaty and Section 3512

1.     Authorization of the Application to This Court

Section 3512(a)(1) provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by a letter dated October 2, 2012, from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority (or all) of the evidence is located.

2.     Foreign Authority Seeking Assistance Within Section 3512 and the Treaty

As to the "foreign authority" making the Request, Section 3512(h) provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the Ministry of Justice of Madrid, Spain is the designated Central Authority in pain for requests made pursuant to the Treaty.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

3.   Authority of the Federal Courts Under Section 3512

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests.  Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes:   orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both.   18 U.S.C. § 3512(a)(2), (b)(1).

The assistance requested by Spain pursuant to the Treaty by its Ministry of Justice of Madrid, Spain in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

D.   Appointment of a Person as Commissioner to Collect Evidence

   1.   Statutory Authorization

Section 3512(b)(1) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things. Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "commissioner."

   2.   Procedures for Evidence Collection

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d at 1305-06. Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989)(citing 1964 U.S.C.C.A.N. at 3789); FED.R.CRIM.P. 57(b).

       a.   Procedures Authorized by Other Statutes.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search

warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

      b.      Orders by the Person Appointed: Commissioner Subpoenas

Section 3512(b)(2) authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." Further, Article 5(1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to gather evidence:

> The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute this request.

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d at 1291 (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); Erato, 2 F.3d at 13-14 (same). This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under § 3512 to direct the production of evidence. Section 3512(f) expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in United States criminal investigations and prosecutions).

      c.      Notice of Evidence Taking

As an initial matter, this application is being made *ex parte*, consistent with United States practice in domestic criminal matters and prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. In re: Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d at 688; In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

Both Section 3512 and the Treaty at Article 8(1) authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in United States criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and United States authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

Conclusion

The instant Request is exactly the type of request contemplated for execution under Section 3512. In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1153-1154 (11th Cir. 1988). Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests. These efforts will assist the United States with its investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner." 155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

Accordingly, to execute this Request, the United States moves this Court to issue the attached order pursuant to the Treaty and 18 U.S.C. § 3512 appointing the undersigned as commissioner, authorizing him to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Spain.

WHEREFORE, the government requests that the Court enter the proposed order.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/ Laurence Bardfeld
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. 0712460
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone No. (954) 660-5721
Facsimile No.  (954) 356-7336
E-Mail Address: Laurence.Bardfeld@usdoj.gov